**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

Attorneys for Defendant Lincoln Life
Assurance Company of Boston

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Gilliland Hughes,<br><br>                    Plaintiff,<br><br>          vs.<br><br>Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston,<br><br>                    Defendant. | Case No. 2:20-CV-02063-DWL<br><br>**DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT** |

For its Answer to Plaintiff's Complaint, Defendant Lincoln Life Assurance Company of Boston ("Lincoln Life"), admits, denies, and alleges as follows:

*Jurisdiction and Venue*

I.       Lincoln Life admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)), but Lincoln Life denies that Plaintiff is entitled to any such relief.  Lincoln Life admits that Liberty Mutual Group, Inc. ("Liberty Mutual") sponsored the Liberty Mutual Group, Inc. Short Term Disability

1

Plan (the "STD Plan") and the Liberty Mutual Group, Inc. Long-Term Disability Income Plan (the "LTD Plan") to provide disability benefits to certain of its employees.  Lincoln Life admits that the STD Plan and the LTD Plan are employee welfare benefit plans within the meaning of 29 U.S.C. § 1002.  Lincoln Life admits that it issued Group Disability Income Policy Number GF3-800-000001-01 (the "Policy") to Liberty Mutual.  Lincoln Life admits that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy.  Lincoln Life admits Plaintiff was, at certain times, a participant in the STD Plan and the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph I of the Complaint.

II.      To the extent that the allegations contained in Paragraph II constitute legal conclusions, Lincoln Life is not required to respond.  Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B).  Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln Life denies all remaining allegations contains in Paragraph II of the Complaint.

III.      Lincoln Life admits venue is correct in this Court, but Lincoln Life denies that all events concerning the alleged "breach" asserted in the Complaint

2

occurred in Maricopa County, Arizona. Lincoln Life denies all remaining allegations contained in Paragraph III of the Complaint.

### *Nature of the Action*

IV. Lincoln Life admits that, by this action, Plaintiff seeks to recover benefits from the STD Plan and the LTD Plan under the Policy, but Lincoln Life denies that Plaintiff is entitled to any such relief. Lincoln Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan and that the claim number assigned to that claim was 6040292. Lincoln Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan and that the claim number assigned to that claim was 8560189. Lincoln Life admits that Liberty Mutual sponsored the STD Plan and the LTD Plan to provide disability benefits to certain of its employees. Lincoln Life admits that it provided certain services to the STD Plan pursuant to a contract. Lincoln Life admits that it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy. Lincoln Life specifically denies that it was the Plan Administrator of the STD Plan or the LTD Plan. Lincoln Life admits that Plaintiff's claims are governed by ERISA, but Lincoln Life denies that Plaintiff is entitled to any such relief. Lincoln Life denies all remaining allegations contained in Paragraph IV of the Complaint.

### *Parties and the Disability Plans*

V. Lincoln Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies all allegations contained in Paragraph V of the Complaint.

VI.    Lincoln Life admits that the STD Plan and the LTD Plan are employee welfare benefit plans as defined by ERISA and that Liberty Mutual sponsored the STD Plan and the LTD Plan to provide disability benefits to certain of its employees.   Lincoln Life denies all remaining allegations contained in Paragraph VI of the Complaint.

VII.    Lincoln Life admits Liberty Mutual is a Massachusetts Corporation with its principal place of business in Boston, Massachusetts, and that it is licensed to do business in Arizona.  Lincoln Life admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania and that is licensed to do business in Arizona.   Lincoln Life denies all remaining allegations contained in Paragraph VII of the Complaint.

VIII.    Lincoln Life admits that it was formerly known as Liberty Life Assurance Company of Boston.  Lincoln Life admits that Liberty Life Assurance Company of Boston was acquired by Lincoln National Life Insurance Company and that the entity name was subsequently changed to "Lincoln Life Assurance Company of Boston."  Lincoln Life admits that it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy.  Lincoln Life specifically denies that it was the Plan Administrator of the LTD Plan.  Lincoln Life admits that it issued the Policy to Liberty Mutual and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy.  Lincoln Life admits Plaintiff was, at certain times, employed by Liberty Mutual and a participant in the STD Plan and the LTD Plan.  Lincoln Life denies all remaining allegations contained in Paragraph VIII of the Complaint.

4

IX.   Lincoln Life admits that it was, at certain times, the claim administrator for benefits paid from the LTD Plan under the Policy.   Lincoln Life specifically denies that it was the Plan Administrator of the LTD Plan.   Lincoln Life admits that it issued the Policy to Liberty Mutual and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy.   Lincoln Life denies all remaining allegations contained in Paragraph IX of the Complaint.

X.   Lincoln Life admits that Liberty Mutual sponsored the LTD Plan to provide disability benefits to certain Liberty Mutual employees.   Lincoln Life admits that Plaintiff was, at certain times, employed by Liberty Mutual and was a participant in the LTD Plan.   To the extent that the allegations contained in Paragraph X seek to interpret the provisions of the Summary Plan Description or the Policy, Lincoln Life refers to the Policy and the LTD Plan documents themselves as the best evidence of their contents.   Lincoln Life denies all remaining allegations contained in Paragraph X of the Complaint.

XI.   Lincoln Life admits that the LTD Plan is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002 and that that Plaintiff's claims are governed by ERISA.   Lincoln Life admits that Plaintiff was, at certain times, employed by Liberty Mutual and was a participant in the STD Plan and the LTD Plan.   Lincoln Life denies all remaining allegations contained in Paragraph XI of the Complaint.

XII.   Lincoln Life admits Plaintiff was employed by Liberty Mutual starting on or about August 29, 2005 until July 3, 2018, and at certain times, was a Senior Claim Resolution Specialist I, Bodily Injury and a participant in the LTD Plan. Lincoln Life admits that certain medical treatment and complaints of Plaintiff are

reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life admits that certain documents concerning Plaintiff's job description at Liberty Mutual and Plaintiff's own occupation are contained in the administrative record reviewed by Lincoln Life upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated, and Liberty Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XII of the Complaint.

### Facts

XIII.      Lincoln Life admits Plaintiff was, at certain times, employed by Liberty Mutual and that Plaintiff's last day of work at Liberty Mutual was July 3, 2018.  Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life is without sufficient information to either admit or deny allegations regarding Plaintiff's employment history after July 3, 2018, and accordingly, must deny this and all remaining allegations contained in Paragraph XIII of the Complaint.

XIV.      Lincoln Life admits Plaintiff was, at certain times, employed by Liberty Mutual and that Plaintiff's last day of work at Liberty Mutual was July 3, 2018.   Lincoln Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan and that the claim number assigned to that claim

was 6040292.  Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XIV of the Complaint.

XV.       Lincoln Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the STD Plan, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life admits Plaintiff submitted a claim for, and at certain times received, benefits from the STD Plan.  Lincoln Life denies all remaining allegations contained in Paragraph XV of the Complaint.

XVI.      Lincoln Life admits Plaintiff submitted a claim for benefits from the STD Plan and that Plaintiff received, at certain times, benefits from the STD Plan. Lincoln Life denies all remaining allegations contained in Paragraph XVI of the Complaint.

XVII.      Lincoln Life admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" and "Own-Occupation" as applicable to a participant's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the Policy itself as the best evidence of its contents.  To the extent that the allegations contained in Paragraph XVII seek to interpret the provisions of the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XVII of the Complaint.

XVIII.       Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life admits that it sent a letter to Plaintiff dated January 25, 2019, and Lincoln Life refers to the letter itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XVIII of the Complaint.

XIX.       Lincoln Life admits it received a letter dated May 4, 2019, from Plaintiff, along with additional documentation, appealing the denial of benefits from the LTD Plan and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.   Lincoln Life denies all remaining allegations contained in Paragraph XIX of the Complaint.

XX.       Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life admits it received a letter dated August 9, 2019, from Plaintiff, along with additional documentation, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.  Lincoln Life denies all remaining allegations contained in Paragraph XX of the Complaint.

XXI.       Lincoln Life admits that it sent a letter to Plaintiff dated October 7, 2019, and Lincoln Life refers to the letter itself as the best evidence of its contents.  Lincoln Life admits Plaintiff received, at certain times, benefits from the LTD Plan.

Lincoln Life denies all remaining allegations contained in Paragraph XXI of the Complaint.

XXII.      Lincoln Life admits it received a letter dated April 3, 2020, from Plaintiff's counsel, along with additional documentation, appealing the denial of further benefits from the LTD Plan and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXII of the Complaint.

XXIII.      Lincoln Life admits it received a letter dated April 3, 2020, from Plaintiff's counsel, along with additional documentation, appealing the denial of further benefits from the LTD Plan and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXIII of the Complaint.

XXIV.      Lincoln Life admits it received a letter dated April 3, 2020, from Plaintiff's counsel, along with additional documentation, appealing the denial of further benefits from the LTD Plan and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXIV of the Complaint.

XXV.      Lincoln Life admits it received a letter dated April 3, 2020, from Plaintiff's counsel, along with additional documentation, appealing the denial of further benefits from the LTD Plan and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXV of the Complaint.

XXVI.    Lincoln Life admits it received a letter dated April 3, 2020, from Plaintiff's counsel, along with additional documentation, appealing the denial of further benefits from the LTD Plan and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.  Lincoln Life admits that it sent a letter to Plaintiff's counsel dated May 19, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents.  Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXVI of the Complaint.

XXVII.    Lincoln Life admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXVII of the Complaint.

XXVIII.    Lincoln Life admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life admits it received a letter dated June 23, 2020, from Plaintiff's counsel, along with additional documentation, and Lincoln Life refers to the letter and documents themselves as the best evidence of their contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXVIII of the Complaint.

10

XXIX.        Lincoln Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXIX of the Complaint.

XXX.        Lincoln Life admits that it sent a letter to Plaintiff's counsel dated July 1, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXX of the Complaint.

XXXI.        Lincoln Life denies all allegations contained in Paragraph XXXI of the Complaint.

XXXII.        Lincoln Life admits that it sent a letter to Plaintiff's counsel dated July 1, 2020, and Lincoln Life refers to the letter itself as the best evidence of its contents.    Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B).    Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contains in Paragraph XXXII of the Complaint.

XXXIII.   Lincoln Life admits that, by this action, Plaintiff seeks to recover benefits from the LTD Plan under the Policy, along with other benefits, but Lincoln Life denies that Plaintiff is entitled to any such relief.   Lincoln Life denies all remaining allegations contained in Paragraph XXXIII of the Complaint.

XXXIV.   To the extent that the allegations contained in Paragraph XXXIV constitute legal conclusions, Lincoln Life is not required to respond.   To the extent a response is required, Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B).   Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.   Lincoln Life denies all remaining allegations contained in Paragraph XXXIV of the Complaint.

### *Claim for Benefits Under ERISA*

XXXV.   Lincoln Life admits the Policy includes language pertaining to discretionary authority, and Lincoln Life refers to the Policy itself as the best evidence of its contents.   Lincoln Life further admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy.   Lincoln Life denies that it violated any provision of ERISA with regard to

Plaintiff's claim for benefits and denies all allegations contained in Paragraph XXXV of the Complaint.

XXXVI.    Lincoln Life denies all allegations contained in Paragraph XXXVI of the Complaint.

XXXVII.    Lincoln Life admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXXVII of the Complaint.

XXXVIII.    Lincoln Life admits only that its decisions on Plaintiff's claim for benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy.  Lincoln Life denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all allegations contained in Paragraph XXXVIII of the Complaint.

XXXIX.    Lincoln Life admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln Life refers to the administrative record itself as the best evidence of its contents.  Lincoln Life denies all remaining allegations contained in Paragraph XXXIX of the Complaint.

XL.    Lincoln Life denies all allegations contained in Paragraph XL of the Complaint.

XLI.      Lincoln Life denies all allegations contained in Paragraph XLI of the Complaint.

XLII.      Lincoln Life admits that, by this action, Plaintiff seeks to recover benefits from the LTD Plan under the Policy, along with prejudgment interests, attorney's fees and costs, but Lincoln Life denies that Plaintiff is entitled to any such relief.  Lincoln Life denies all remaining allegations contained in Paragraph XLII of the Complaint

XLIII.      Lincoln Life denies all allegations contained in Paragraph XLIII of the Complaint.

XLIV.      Lincoln Life denies all allegations contained in Paragraph XLIV of the Complaint.

XLV.      Lincoln Life admits that, by this action, Plaintiff seeks to recover benefits from the LTD Plan under the Policy, along with life insurance waiver of premium and other benefits, but Lincoln Life denies that Plaintiff is entitled to any such relief.  Lincoln Life denies all remaining allegations contained in Paragraph XLV of the Complaint.

XLVI.      To the extent that Paragraph XLVI contains legal conclusions, Lincoln Life is not required to answer.  To the extent Plaintiff attempts to interpret the Policy, Lincoln Life refers to the Policy itself as the best evidence of its contents.  Liberty Life denies all remaining allegations contained in Paragraph XLVI of the Complaint.

XLVII.      To the extent that Paragraph XLVII contains legal conclusions, Lincoln Life is not required to answer.  Lincoln Life denies that it violated any

14

provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph XLVII of the Complaint.

XLVIII.        Lincoln Life denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits and denies all remaining allegations contained in Paragraph XLVIII of the Complaint.

XLIX.        Lincoln Life denies all allegations contained in Paragraph XLIX of the Complaint.

Lincoln Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-H thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln Life denies all allegations contained in the Complaint not specifically admitted to herein.

## AFFIRMATIVE DEFENSES

1.        The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.        The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.        Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of other income including earnings by Plaintiff

or any award of other benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.     Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

6.     To the extent that Plaintiff seeks recovery of benefits from the STD Plan, those benefits have been exhausted.

5.     To the extent that Plaintiff seeks recovery from Lincoln Life other than past benefits from the LTD Plan or attorneys' fees, such recovery is not permitted under ERISA.

7.     To the extent that Plaintiff raises a claim under 29 USC § 1132(a)(3), that is not a claim upon which relief can be granted in that Plaintiff seeks recovery for the same alleged acts and omissions for which suit is brought under 29 USC § 1132(a)(1)(B).

8.     Plaintiff has failed to satisfy conditions precedent to any claim for life insurance waiver of premium, as no claim for waiver of such premium was ever submitted to Lincoln Life.

9.     Lincoln Life reserves the right to assert additional defenses.

## **PRAYER**

Lincoln Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln Life be awarded such other and further relief to which it may show itself entitled.

16

RESPECTFULLY SUBMITTED this 18th day of December 2020.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By:      /s/ Iwana Rademaekers
Iwana Rademaekers
Attorneys for Defendant Lincoln
Life Assurance Company of Boston

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2020, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Paul J. Dombeck
Email: pdlaw@disabilityarizona.com
Attorneys for Plaintiff

/s/ Sandy Acker
Employee of the Law Offices of
Iwana Rademaekers, P.C.

17