**Paul J. Dombeck**
Arizona State Bar No. 022418
**Tatiana M. Froes**
Arizona State Bar No. 022447
THE LAW OFFICE OF PAUL J. DOMBECK, PLLC
18444 N. 25th Ave, Ste 420
Phoenix, AZ 85023
Telephone: (602) 648-2035
Facsimile: (866) 648-2128
Email: pdlaw@disabilityarizona.com

*Attorneys for Plaintiff Barbara Gilliland Hughes*

**AND**

**Iwana Rademaekers (TX Bar No. 16452560)**
Admitted Pro Hac Vice
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant Lincoln Life Assurance Company of Boston*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Gilliland Hughes,<br><br>    Plaintiff,<br>  vs.<br><br>Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston,<br><br>    Defendant. | Case No. 2:20-CV-02063-DWL<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's December 21, 2020 Order (Dkt. #10), the parties submit this Joint Case Management Report:

1

**1.    PARTIES WHO ATTENDED THE RULE 26(F) MEETING AND ASSISTED IN DEVELOPING THE JOINT CASE MANAGEMENT REPORT:**

Paul J. Dombeck, counsel for Plaintiff, and Iwana Rademaekers, counsel for Defendant.

**2.    A LIST OF ALL PARTIES IN THE CASE, INCLUDING ANY PARENT CORPORATIONS OR ENTITIES (FOR RECUSAL PURPOSES)**

Plaintiff, Barbara Gilliland Hughes

Defendant, Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston.    Defendant's parent corporations are The Lincoln National Life Insurance Company and Lincoln National Corporation.

**3.    ANY PARTIES THAT HAVE NOT BEEN SERVED AND AN EXPLANATION OF WHY THEY HAVE NOT BEEN SERVED, AND ANY PARTIES THAT HAVE BEEN SERVED BUT HAVE NOT ANSWERED OR OTHERWISE APPEARED:**

All parties have been served and have answered Plaintiff's complaint.

**4.    A STATEMENT OF WHETHER ANY PARTY EXPECTS TO ADD ADDITIONAL PARTIES TO THE CASE OR OTHERWISE TO AMEND PLEADINGS:**

The parties do not anticipate adding parties or amending the pleadings.

**5.    THE NAMES OF ANY PARTIES NOT SUBJECT TO THE COURT'S PERSONAL (OR IN REM) JURISDICTION:**

None.

**6.    A STATEMENT INDICATING WHETHER THE PARTIES WOULD PREFER THAT THE COURT HOLD A CASE MANAGEMENT CONFERENCE BEFORE ISSUING A SCHEDULING ORDER—AND, IF SO, AN EXPLANATION OF WHY THIS WOULD BE HELPFUL.**

A case management conference in this matter is not necessary.

**7.    A SHORT STATEMENT OF THE NATURE OF THE CASE (NO MORE THAN 3 PAGES), INCLUDING A DESCRIPTION OF EACH CLAIM, DEFENSE, AND AFFIRMATIVE DEFENSE:**

Plaintiff was an employee of Liberty Mutual Group, Inc., and was a participant in the Liberty Mutual Group, Inc. Long-Term Disability Income Plan (the "LTD Plan"), benefits from which were insured by Group Disability Income Policy (the "Policy") issued by Defendant to Liberty Mutual.

Plaintiff's last day of work for Liberty Mutual was July 3, 2018, and Plaintiff received short-term disability benefits from July 11, 2018, through January 1, 2019. On January 2, 2019, Plaintiff began receiving benefits from the LTD Plan under the Policy. Defendant terminated these benefits on April 24, 2019, asserting that Plaintiff was no longer disabled as defined by the Policy, specifically that "the medical evidence did not support [Plaintiff's] inability to perform . . . her own occupation." Plaintiff appealed that decision, asserting that the Defendant substantially relied on opinions from medical consultants that were erroneous and/or influenced by conflicts of interest, and that the treating medical and vocational evidence indicates Plaintiff met the subject Plans' disability definition, but the denial decision was upheld by Defendant on July 1, 2020, whereupon this litigation ensued.

In the Complaint, Plaintiff asserts Defendant's conclusions are so against the weight of the evidence as to indicate Defendant and Defendant's consultants were influenced by inherent and/or financial conflicts of interest, whereby Plaintiff seeks recovery of benefits from the LTD Plan under the Policy pursuant to 29 U.S.C. §1132(a)(1)(B) of ERISA, along with attorneys' fees, and that Defendant's decision should be overturned under either the abuse of discretion or the de novo standard. Defendant denies that Plaintiff is entitled to any relief on her claim for benefits under ERISA, as the Policy contains appropriate discretionary language, and the decisions on Plaintiff's claim for benefits were not an abuse of discretion standard based on the administrative record.

**Standard of Review**: The LTD Plan grants Defendant Lincoln authority to determine eligibility for benefits and to interpret the terms and provisions of the policy:

> Lincoln Financial Group, as the Claims Administrator and insurer of Plan benefits, has the authority, in its sole discretion, to construe the terms of the Plan and insurance policy with respect to claim determinations and to determine eligibility for benefits thereunder. Any such interpretations or decisions of Lincoln Financial Group shall be conclusive and binding.

Accordingly, Defendant contends this Court will review Lincoln's determination for abuse of discretion. Assuming the Plan Administrator properly retained its own discretion to determine entitlement to benefits and no other exception to the application of the abuse of discretion standard of review applies, Plaintiff Hughes anticipates that the applicability of the abuse of discretion standard of review will not be contested.

Conflict of Interest Discovery:

Addressed *supra,* Section 8

Bench Trial on Financial Conflict's Effects:

Plaintiff Hughes contends she is entitled to discovery and a bench trial regarding the effects of Defendant Lincoln's and its employees' and consultants' inherent financial conflicts of interest on the decision to deny her claim. *Stephan v. Lincoln Life Ins. Co. of Am.*, 697 F.3d 917, 930 (9th Cir. 2012); *Nolan v. Heald Coll.,* 551 F.3d 1148 (9th Cir. 2009); *Demer v. IBM Corp. LTD Plan,* 835 F.3d 893 (9th Cir. 2016). Defendant Lincoln contends that a bench trial is not warranted regarding these issues, as there is no evidence to support that any conflict impacted Lincoln's claim decisions.

Attorney's Fees and Costs:

Whether the prevailing party is entitled to payment of their reasonable attorney's fees and costs for the litigation.

///

4

Interest:

If Plaintiff prevails, she seeks prejudgment interest at the maximum allowable legal or equitable rate. *Blankenship v. Liberty Life Assur. Co. of Bos.,* 486 F.3d 620 (9th Cir. 2007); *Dishman v. Lincoln Life Ins. Co. of Am.,* 269 F.3d 974 (9th Cir. 2001); *Grosz-Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154 (9th Cir. 2001); 29 U.S.C. § 1132(a)(3).

**8.    A DISCUSSION OF WHETHER PLAINTIFF IS ENTITLED TO CONDUCT DISCOVERY (INCLUDING CONFLICT-OF-INTEREST DISCOVERY) AND, IF SO, THE APPROPRIATE SCOPE OF DISCOVERY:**

The merits of an ERISA case are decided by the trial judge after the parties file Briefs on the administrative record.  See *Bendixen v. Standard Ins. Co.,* 185 F.3d 939, 943 (9th Cir. 1999) (motion practice is the "conduit to bring the legal question before the district court").  ERISA cases do not follow the ordinary course of discovery.  Plaintiff asserts she is entitled to limited discovery regarding Lincoln's conflict of interest. *Abatie v. Alta Health & Life Ins.  Co.,* 458 F.3d 955 (9th Cir. 2006); *Demer v. I.B.M. Corp. LTD Plan*, 835 F.3d 893 (9th Cir. 2016).  Plaintiff Hughes contends that this discovery should include some inquiry into the conflicted insurer's retention and use of potentially biased reviewers and consultants, and some inquiry into the inherent structural conflict of interest given the insurer's dual responsibility of both deciding entitlement to benefits and paying or not paying benefits based upon its decision.   Lincoln contends that any conflict discovery should be narrowly tailored to the extent and nature of the conflict.

Plaintiff Hughes anticipates conducting written discovery, requesting documents, and conducting one or two depositions regarding the conflict of interest issues. Defendant Lincoln will evaluate the proposed discovery when it is presented by Ms. Hughes to Lincoln, and if the parties disagree as to the limits or scope of discovery, they will attempt to resolve any such disputes in good faith before raising any such issues with the Court.

**9.    PROPOSED PAGE LIMITS FOR PLAINTIFF(S)' OPENING BRIEF, DEFENDANT(S)' RESPONSE BRIEF, AND PLAINTIFF(S)' REPLY BRIEF. (THE PARTIES SHOULD NOTE THAT THE COURT DOES NOT PERMIT THE FILING OF A SEPARATE STATEMENT OF FACTS.):**

  a.    Opening Brief: 25 pages

  b.    Response Brief: 25 pages

  c.    Reply Brief: 15 pages

**10.   THE PROSPECTS FOR SETTLEMENT, INCLUDING WHETHER THE CASE IS SUITABLE FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE FOR A SETTLEMENT CONFERENCE:**

The parties intend to engage in settlement discussions and believe there is a possibility the case may settle.  The parties do not request referral to a Magistrate Judge for a settlement conference at this time.

**11.   THE STATUS OF ANY RELATED CASES PENDING BEFORE THIS OR OTHER COURTS:**

None.

**12.   PROPOSED DEADLINES FOR EACH OF THE FOLLOWING EVENTS:**
(**Once the dates have been set in the Case Management Order, the Court will not vary them without good cause, even if the parties would otherwise stipulate to do so.  The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension)

  a.    If there is a dispute as to the need for and/or scope of discovery and/or as to the standard of review, Plaintiff shall file a motion, not to exceed seven pages, entitled "Motion for ERISA Discovery/Standard of Review Determination," summarizing her position by **Friday, June 25, 2021**; and Defendant shall submit a seven-page response brief by **Friday, July 9, 2021**. No replies may be filed.

  b.    A deadline for any motion to supplement the administrative record: **Wednesday, November 24, 2021**.

c.    A deadline for the completion of fact discovery, if applicable: **Wednesday, November 10, 2021**. Discovery requests must be served and depositions noticed sufficiently in advance of the discovery cutoff date to ensure reasonable completion by the deadline, including time to resolve further discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

d.    A deadline for filing the administrative record: **Wednesday, November 3, 2021**.

e.    Deadlines for submission of Plaintiff's opening brief: **Wednesday, January 19, 2022**; Defendant's response brief: **Wednesday, February 16, 2022**; and Plaintiff's reply brief: **Wednesday, March 9, 2022**.

f.    A date by which the parties shall have engaged in face-to-face good faith settlement talks: **Wednesday, September 15, 2021**.

g.    Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure:  **None.**

RESPECTFULLY SUBMITTED this 15th day of February 2021.


BY: */s/ Paul J. Dombeck*                         BY: */s/Iwana Rademaekers*
      Paul J. Dombeck                                       Iwana Rademaekers
      Attorney for Plaintiff                                 Attorney for Defendant

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 15, 2021, I electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Iwana Rademaekers, Esq.
Email: iwana@rademaekerslaw.com
Attorney for Defendant

/s/ Paul J. Dombeck

8